## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-CR-0070-CVE** |
| | ) | |
| **PHONG DO,** | ) | |
| **a/k/a "Chip,"** | ) | |
| **a/k/a "Chipmunk,"** | ) | |
| **NHA LY,** | ) | |
| **BAO NGUYEN,** | ) | |
| **a/k/a "Goofy,"** | ) | |
| **a/k/a "Muffin-Top,"** | ) | |
| **a/k/a "Muffin,"** | ) | |
| **IRENE HAO NGUYEN,** | ) | |
| **a/k/a "Nhu Nguyen,"** | ) | |
| **CINDY NGUYEN,** | ) | |
| **VICTORIA TRUONG,** | ) | |
| **PHUNG DUONG,** | ) | |
| **a/k/a "Misty,"** | ) | |
| **USA WIYAPORN,** | ) | |
| **MINH NGUYEN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is defendant Bao Nguyen's Unopposed Motion to Declare this Case

a Complex Matter Pursuant 18 U.S.C. § 3161(h)(7)(a), filed on behalf of defendants Phong Do, Nha

Ly, Irene Hao Nguyen, Cindy Nguyen, Victoria Truong, and Minh Nguyen.  Dkt. ## 53, 55.[1]

Defendants ask the Court to declare this matter a complex case under the Speedy Trial Act, 18

---

[1]     Defendant Bao Nguyen filed Dkt. # 53 on behalf of defendants Phong Do, Irene Hao
        Nguyen, Cindy Nguyen, Victoria Truong, and Minh Nguyen.  Defendant inadvertently
        excluded defendant Nha Ly from this motion. Dkt. # 55 was filed to include defendant Nha
        Ly.

U.S.C. § 3161 et seq., due to the number of defendants, the volume of discovery, and the nature of discovery, and ask the Court to strike the current scheduling order, including the August 22, 2016 jury trial, and enter an amended scheduling order, continuing the jury trial and all related deadlines for approximately 120 days.  Plaintiff does not object to the defendants' motion.

Defendants' request for a continuance and request to declare this matter a complex case fall under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act.  This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public.  Id.  The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  Id. § 3161(h)(7)(B)(iv).  A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]"  Id. § 3161(h)(7)(B)(ii).  The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool."  United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this

2

should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

On June 7, 2016, defendants Phong Do, Nha Ly, Bao Nguyen, Irene Hao Nguyen, Cindy Nguyen, Victoria Truong, Phung Dong, Usa Wiyaporn, and Minh Nguyen were charged by a grand jury in a thirty-page indictment with one count of conspiracy to commit money laundering and one count of conspiracy to possess and distribute marijuana.  Dkt. # 2.  The indictment also contains separate forfeiture allegations. Id. Many of the defendants do not reside in Oklahoma and defendant Minh Nguyen is represented by counsel from California.  Defendants Bao Nguyen, Phong Do, Nha Ly, Irene Hao Nguyen, Cindy Nguyen, and Victoria Truong have appeared in this Court, but defendant Minh Nguyen is not scheduled to appear in this Court until July 21, 2016.  The Court has entered a scheduling order setting the case for jury trial on August 22, 2016.  Dkt. # 47.

Defendants state that plaintiff has advised that it will produce a substantial amount of discovery to defendants, which includes at least 58,000 pages of documentation, covering a time period from January 2012 until June 7, 2016.  This documentation includes numerous financial and shipping records.  Defendants state that additional bank accounts have been recently identified and efforts to obtain those records ore ongoing.   Defendants state that, due to the voluminous nature of discovery, plaintiff must prepare hard drives containing discovery materials for each defendant.

3

Defendants anticipate that the hard drives should be ready for disclosure within the next two weeks. Defendants state that this process is complicated by the need to watermark the discovery with the name of each defendant receiving information and a by a protective order plaintiff is preparing regarding disclosure of information due to cooperation of several individuals. Defendants also state that plaintiff has advised that the investigation is ongoing, and other individuals in other states have been identified. Defendants state that plaintiff has also advised that it has been working with counsel in other jurisdictions regarding filing charges in those jurisdictions or seeking a superseding indictment in this case adding additional defendants and counts.

Based on all of these factors, the Court finds that it is appropriate declare this matter as a complex case under the Speedy Trial Act. Defense counsel's request for additional time to prepare for trial is reasonable, and defendants Phong Do, Nha Ly, Bao Nguyen, Irene Hao Nguyen, Cindy Nguyen, and Victoria Nguyen have executed speedy trial waivers (Dkt. ## 54, 56, 57, 59, 60, 61) asking the Court to exclude any period of delay for an ends of justice continuance. The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. Defendants ask the Court for a 120-day continuance. This is a lengthy continuance but the Court finds that the requested continuance is warranted under the circumstances. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against defendants' interest of having adequate time to prepare for trial. Under these circumstances, defendants' interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by declaring this matter a complex case. Taking into account the complexity of the case and the volume of discovery materials, the Court finds that a January 2016

trial setting will provide defense counsel adequate time to review the discovery materials and prepare a defense for their clients.

**IT IS THEREFORE ORDERED** that defendant Bao Nguyen's Unopposed Motion to Declare this Case a Complex Matter Pursuant 18 U.S.C. § 3161(h)(7)(a) (Dkt. ## 53, 55) is **granted**.

**IT IS FURTHER ORDERED** that following scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | November 7, 2016 |
| Responses due: | November 21, 2016 |
| PT/CP/Motions Hearing: | **December 5, 2016 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | December 12, 2016 |
| Jury Trial: | **December 19, 2016 at 9:15 a.m.** |

**IT IS FURTHER ORDERED that the time between August 22, 2016 and December 19, 2016 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**DATED** this 15th day of July, 2016.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5