# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|       Plaintiff, | ) ) ) |
| v. | )   Case No. 16-CR-0070-CVE ) |
| PHONG DO,<br>a/k/a "Chip,"<br>a/k/a "Chipmunk,"<br>NHA LY,<br>BAO NGUYEN,<br>a/k/a "Goofy,"<br>a/k/a "Muffin-Top,"<br>a/k/a "Muffin,"<br>CINDY NGUYEN,<br>VICTORIA TRUONG,<br>PHUNG TIEU DUONG,<br>a/k/a "Misty,"<br>MINH THANH NGUYEN, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
|       Defendants. | ) |

## OPINION AND ORDER

Now before the Court is defendants' motion for a pretrial hearing to determine the admissibility of co-conspirator statements (Dkt. # 267). On June 7, 2016, a grand jury returned an indictment charging nine defendants[1] with a money laundering conspiracy (count one) and a drug conspiracy (count two). Dkt. # 2. A jury trial is scheduled for January 16, 2018. Dkt. # 231.

Under Fed. R. Evid. Rule 801(d)(2)(E), a statement is not considered hearsay if the court finds that "(1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statement was made in the course

---

[1] Two defendants, Irene Nguyen and Apinya Ayuwaddhana, have since been dismissed from the case. Dkt. ## 205, 206.

of and in furtherance of the conspiracy." United States v. Eads, 191 F.3d 1206, 1210 (10th Cir. 1999) (quoting United States v. Caro, 965 F.2d 1548, 1557 (10th Cir. 1992)). For Rule 801(d)(2)(E) to apply, the government must establish the existence of a conspiracy at some point in its case-in-chief, or the statements must be excluded. United States v. Kaatz, 705 F.2d 1237, 1244 (10th Cir. 1983). A court "can only admit coconspirator statements if it holds a *James* hearing [before trial] or conditions admission on forthcoming proof of a 'predicate conspiracy through trial testimony or other evidence.'" United States v. Townley, 472 F.3d 1267, 1273 (10th Cir. 2007) (quoting United States v. Owens, 70 F.3d 1118 (10th Cir. 1995)). A district court may rely on the statements and observations of other coconspirators to support its finding that a conspiracy existed. Owens, 70 F.3d at 1124-25. If a coconspirator statement is admissible under Fed. R. Evid. 801(d)(2)(E), the requirements of the Confrontation Clause of the Sixth Amendment are also satisfied. United States v. Molina, 75 F.3d 600, 603 (10th Cir. 1996).

The Tenth Circuit has stated that it has a "preference" for a district court to hold a pretrial hearing to determine the admissibility of coconspirator statements. United States v. Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir. 1998). However, the Tenth Circuit has clearly held that this is a preference only, and the district court retains discretion to hold a pretrial hearing or permit the government to "connect up" the statements to a conspiracy at trial. United States v. Urena, 27 F.3d 1487, 1491 (10th Cir. 1994). Due to the size and complexity of the two alleged conspiracies, a pretrial James hearing would essentially be a mini-trial and time-consuming. Therefore, the Court exercises its discretion to permit the government to connect up the statements to the conspiracies at trial. The government will be required to lay a proper foundation for admitting coconspirator statements by offering proof of the conspiracy and declarant and each defendant's membership in

it before seeking to admit the statements, but defendants' motion for a pretrial <u>James</u> hearing is denied.

**IT IS THEREFORE ORDERED** that defendant's motion for a pretrial hearing to determine the admissibility of co-conspirator statements (Dkt. # 267) is **denied**.

**DATED** this 20th day of November, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE